# UNITED STATES

## *v.*

# ESTEBANIA RIVERA.

---

San Juan, Criminal, No. 546.

### On Sentencing a Female Prisoner.

Woman Criminal—Clemency.

1. The court will exercise clemency towards a woman defendant pleading guilty, where the offense is one which in any way is due to her sex or weakness; but fraudulently cashing a money order is not of this class.

Change of Plea.

2. Although the defendant had already changed her plea from not guilty to guilty, the court will permit her, before sentence is pronounced, to change it back again to not guilty, and stand trial.

Opinion filed November 29, 1913.

---

*Mr. W. N. Landers, United States Attorney,* for the government.

*Mr. Frank Antonsanti* for defendant.

Hamilton, Judge, delivered the following opinion:

The defendant was indicted for cashing a money order not directed or intended for her, and duly arraigned. At first she pleaded not guilty, and afterwards, on consulting an attor-

United States v. Rivera.

ney, asked in open court to change the plea to guilty, and her counsel requested the clemency of the court.

1. The facts as stated to the court by the district attorney and assented to by the defendant's attorney would not call for any exercise of clemency if the defendant were a man. It may be that the application is made to the court in hopes that, on account of her sex, the defendant may receive a nominal punishment. In fact it is requested by her attorney that a punishment be affixed, but that the sentence be suspended upon good behavior.

The sole reason for the exercise of clemency is that the defendant is a woman. No one is more reluctant than the judge of this court to sentence a woman, or to see a woman appear as a prisoner at the bar. The question, however, is not one of reluctance, but of duty. There may be occasions where her sex makes a woman more easily tempted, or more apt to commit some particular offense; and in such a case, this fact should and would be taken into account in the imposition of punishment. But forging a $15 money order is not one of such cases, and the court believes that the course suggested by the defendant's counsel would have a bad public effect. The court thinks that if the prisoner is guilty of the offense, she should receive, despite her sex, substantially the same punishment as a man under similar circumstances.

2. But before imposing punishment, the court will permit the defendant, if she is so advised, to withdraw her plea of guilty, and plead not guilty, as she did at first.

And now in open court the defendant asks leave to withdraw the plea of guilty, and enters a plea of not guilty, and the case is transferred to the Ponce division for trial at the Janu-

United States v. Rivera.

ary term, since it appears that the defendant and the witnesses in the case reside in and near Ponce. Defendant's bond is fixed at $1,000, and the marshal is directed to take her to Ponce, and if the bond is not given, to keep her in proper custody there.